Coös,
Feb. 6, 1917.

HELEN YOUNG *v.* THE GRAND TRUNK RAILWAY COMPANY.

CASE, for negligence.   Trial by jury and verdict for the plaintiff. The plaintiff on entering the defendants' car as a passenger, at Portland, Maine, January 23, 1915, slipped and fell on the threshold of the door, and was injured.   She claimed her fall was caused by an accumulation of snow or ice, which the defendants had negligently failed to remove.   Other facts appear in the opinion.   The defendants' motions for a nonsuit and a directed verdict were denied subject to exceptions.   Transferred from the April term, 1916, of the superior court, by *Sawyer,* J.

*Burritt H. Hinman* and *Matthew J. Ryan* (*Mr. Hinman* orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* and *Rich & Marble* (*Mr. Morris* and *Mr. Marble* orally), for the defendants.

PLUMMER, J.   The only question for consideration in this case is, whether there was any evidence from which the jury could find that the defendants were negligent in the care of the entrance to the car where the plaintiff slipped and fell, receiving the injury for which recompense is sought.   On the day of the accident the plaintiff became a passenger on the defendants' vestibule train due to leave

Portland, Maine, for Berlin in this state, at 1.30 p. m. It was a snowy, sleety day. The plaintiff's evidence tended to prove that she entered the forward end of the second passenger coach from the rear of the train; and that when she entered the car she slipped and fell on the threshold of the door; that "quite a good deal" of snow and ice had collected there, which caused her to slip; that a Mrs. Barnes boarded the car at the same entrance five or ten minutes before the plaintiff did, and that on entering she slipped at the same place where the plaintiff afterwards slipped and fell; that there was no trainman at this entrance of the car when the plaintiff or Mrs. Barnes entered, although it was the duty of the brakeman to stand between this car and the next one, when passengers were boarding the train. It could be found from this evidence that there were snow and ice upon the threshold when Mrs. Barnes slipped upon it. She did not so testify. But it appears that the plaintiff slipped and fell at the same place five to ten minutes later, and at that time "quite a good deal" of snow and ice had collected there. It is, therefore, a reasonable inference that it was on the threshold when Mrs. Barnes slipped. It could, consequently, be found that snow and ice had been upon the threshold for at least ten minutes when the accident occurred, and that during that time the brakeman was not there to assist passengers in boarding the train, and to keep the entrance in proper condition. The plaintiff's evidence warranted the jury in finding that the defendants were negligent in the care of the car upon which the accident occurred, and that their conduct did not measure up to that high degree of care that is required of them in the transportation of passengers. *Taylor* v. *Railway,* 48 N. H. 304, 318. The train that the plaintiff entered at the time of the accident was standing in the open, at the defendants' station in Portland, beside the Atlantic ocean. The weather was stormy, and snow and sleet were falling. Upon such a day it is conceded that the wind blows in from the ocean, and drives the snow and sleet into the open doors of the cars. It could be found that the defendants were fully aware that snow and ice would accumulate at such a time in the entrances of the cars while the passengers were boarding the train. It was their duty to use due care to keep the entrances free from such accumulation. There was evidence from which it could be found that they were negligent in this respect, and the verdict of the jury based upon that evidence cannot be set aside.

*Exceptions overruled.*

All concurred.